### OHIO AMUSEMENT CO v MARKS

Ohio Appeals, 3rd Dist, Marion Co

No 872. Decided Oct 12, 1937

544

Mouser & Mouser, Marion, for plaintiff-appellant.

Ralph E. Carhart, Marion, for defendant-appellee.

## OPINION

By THE COURT

This is an appeal on questions of law from a judgment of the Common Pleas Court of Marion County, in an action pending therein wherein The Ohio Amusement Company, the appellant, was the plaintiff, and William M. Marks. Chief of Police, Marion, Ohio, the appellee, was defendant.

In the action the plaintiff sought an injunction against the defendant enjoining him from confiscating or otherwise interfering with the operation of certain vending machines manufactured and owned by plaintiff and proposed to be operated by it in the City of Marion.

Under the evidence in this case each person placing a five cent piece in the so-called vending machine received an equal amount of uniform breath tablets similar in quantity and quality to breath tablets sold by others at the retail price of five cents and in addition thereto the right which he may or may not exercise to operate a mechanism incorporated in the machine with a hoist or boom attachment which it is possible to manipulate in such a manner that it will take hold of and deliver to the possession of the operator one of various articles of merchandise of varying market values but each of a market value in excess of the value of the coin deposited in the machine, contained in a compartment of the machine, which article of merchandise upon such removal becomes the property of the operator, thus making it probable that one person operating the machine may receive merchandise of a greater value than others may receive from like deposits of coins in the operation of the machine.

It is contended by the appellant that under the evidence the machine is not a gambling device as the operator thereof for each five cent piece deposited receives breath tablets of a quantity and quality of the retail market value of the coin deposited, and the exercise of the right to operate the hoist or boom machinism as above mentioned is an exercise of skill and not a game of chance, but when this contention is analyzed it is obvious that, irrespective of the fact that breath tablets similar in quantity and quality to the breath tablets sold through the machine are sold by others at the retail price of five cents, each five cent piece deposited in the machine represents not only the purchase price of breath tablets but also the consideration for the right to operate the boom or hoist mechanism with the possibility through its operation of securing an additional article of merchandise, and the part of the value of the five cent piece deposited representing the consideration for the right to operate constitutes a wager on the part of the operator against a wager on the part of the proprietor of the machine of an article of merchandise therein, subject to removal through the hoist or boom mechanism, on the skill of the operator in the operation of the hoist or boom mechanism of the machine; and the machine being thus used for the purpose of wagering is a gambling device.

As the so called vending machines are gambling devices an injunction against the defendant-appellee from confiscating such machines or otherwise interfering with the operation thereof, was properly denied by the Common Pleas Court and the judgment of the Common Pleas Court denying the same will be affirmed at the costs of appellant.

GUERNSEY, PJ, CROW and KLINGER, JJ, concur.